## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERENCE FREEMAN and BRADLEY WARD, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAM'S EAST, INC., SAM'S WEST, INC., SAM'S CLUB, an operating Segment of Wal-Mart Stores, Inc., and WAL-MART STORES, INC.<br><br>Defendants. | ) )<br>) )<br>) )<br>) **COLLECTIVE AND CLASS ACTION**<br>) **COMPLAINT**<br>) )<br>) Jury Trial Demanded<br>) )<br>) Civil Action No.<br>) )<br>) )<br>) )<br>) ) |

## INTRODUCTION

Plaintiffs Terence Freeman ("Freeman") and Bradley Ward ("Ward") (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, file this Collective and Class Action Complaint (the "Complaint") against Defendants Sam's East, Inc., ("Sam's East"), Sam's West, Inc., ("Sam's West"), Sam's Club, an operating Segment of Wal-Mart Stores, Inc. ("Sam's Club") and Wal-Mart Stores, Inc. ("Wal-Mart") (collectively as "Defendants" or "Sam's Club"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*, and the New Jersey State Wage and Hour Law, N.J.S.A. §§34:11-56(a), *et seq.* ("NJWHL") for Defendants' failure to pay them and other similarly situated individuals overtime compensation for hours they have worked over forty in a workweek while working as the Fresh Assistant Manager and/or the Grocery Produce Assistant Manager positions.   The following allegations are based on personal knowledge as to Plaintiffs' conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.      Plaintiffs allege on behalf of themselves and other current and former Produce Assistant Managers and Fresh Assistant Managers and similarly situated current and former employees holding comparable positions ("Fresh Assistant Managers" "Produce Assistant Managers" or collectively "Assistant Managers") employed by Defendants in the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2.      Plaintiff Freeman also brings this action under the NJWHL pursuant to Fed. R. Civ. P. 23 on behalf of all Assistant Managers and similarly situated current and former employees holding comparable positions, including but not limited to Assistant Managers for the following positions Fresh Assistant Managers and Grocery Produce Assistant Managers employed by Sam's Club at its stores within the State of New Jersey (the "New Jersey Class"). Defendants violated the NJWHL by failing to pay Plaintiff and the New Jersey Class overtime on a timely basis, and failing to pay Plaintiff and the New Jersey Class the legally required amount of overtime compensation required by law for all hours worked over 40 in a workweek. Plaintiff and the New Jersey Class are entitled to unpaid wages from Defendants for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the NJWHL.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. §

216(b) and 28 U.S.C. § 1331.

4.       Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the

events or omissions giving rise to the claims occurred in this District.  Plaintiff Freeman resides in

this District.

5.       Defendants regularly conduct business in this district.

6.       This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§

2201 and 2202.

## THE PARTIES

*I.   The Plaintiffs*

7.       Plaintiff Freeman is an individual residing in Linden, New Jersey.

8.       During all relevant times, Plaintiff Freeman was employed by Sam's Club from in

or around September 2010 to November 2015 as a Produce Assistant Manager at Sam's Club store

located in Secaucus, New Jersey.

9.       Plaintiff Freeman has consented in writing to be a party to this action, pursuant to

29 U.S.C. § 216(b). *See* Exhibit A.

10.       Plaintiff Ward is an individual residing in Maricopa, Arizona.

11.       During all relevant times, Plaintiff Ward was employed by Sam's Club from in or

around November 2013 to March 24, 2014 as a Fresh Assistant Manager at Sam's Club stores

Waterloo, Iowa.

12.       Plaintiff Ward has consented in writing to be a party to this action, pursuant to 29

U.S.C. § 216(b). *See* Exhibit A.

13.     Plaintiffs worked in excess of 40 hours per workweek, without receiving wages from Defendants for all hours worked, as well as overtime compensation as required by federal and state laws.

## II.     *Defendants*

14.     Defendant Sam's East, Inc., is a corporation, organized and existing under the laws of Arkansas, with its corporate headquarters in Bentonville, Arkansas.

15.     Defendant Sam's East, Inc., does business as Sam's Club.

16.     Defendant Sam's West, Inc., is a corporation, organized and existing under the laws of Arkansas, with its corporate headquarters in Bentonville, Arkansas.

17.     Defendant Sam's East, Inc., does business as Sam's Club.

18.     Defendant Sam's Club is a division of Wal-Mart Stores, Inc., and maintains its headquarters in Bentonville, Arkansas.

19.     Defendant Sam's Club is an operating segment of Wal-Mart Stores Inc.

20.     Defendant Wal-Mart Stores, Inc. is a corporation, organized and existing under the laws of Delaware, with its corporate headquarters in Bentonville, Arkansas.

21.     Upon information and belief Defendant Wal-Mart Stores, Inc., owns Sam's Club Inc.

22.     Upon information and belief Defendant Wal-Mart Stores, Inc., does business as Sam's Club.

23.     According to its most recent 10-K SEC filing, dated March 30, 2016 Defendant Wal-Mart operates a chain of 650 Sam's Club stores throughout the country, with sales of over $56 billion in 2016.

4

#

24.    Defendant Sam's Club. does business under the name Sam's Club and operates over 650 retail locations in the United States.

25.    Defendant Sam's Club was and still is doing business at its retail locations in New Jersey, and throughout the United States, with the exception of Oregon, Rhode Island and Vermont.

26.    Defendant Sam's Club employs/employed Plaintiffs and other similarly situated current and former Fresh Assistant Managers and Grocery Produce Assistant Managers at its Sam's Club locations across the United States.

27.    At all times relevant, Defendant Sam's East, Inc., has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28.    At all times relevant, Defendant Sam's East, Inc., has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

29.    At all times relevant herein, Defendant Sam's East, Inc., has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

30.    Defendant Sam's East, Inc., has had and has a gross volume of sales, made or done business in an amount of at least $500,000.

31.    At all times relevant, Defendant Sam's West, Inc., has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32.    At all times relevant, Defendant Sam's West, Inc., has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

33.     At all times relevant herein, Defendant Sam's West, Inc., has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

34.     Defendant Sam's West, Inc., has had and has a gross volume of sales, made or done business in an amount of at least $500,000.

35.     At all times relevant, Defendant Sam's Club., has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

36.     At all times relevant, Defendant Sam's Club., has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

37.     At all times relevant herein, Defendant Sam's Club, has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

38.     Defendant Sam's Club has had and has a gross volume of sales, made or done business in an amount of at least $500,000.

39.     At all times relevant, Defendant Wal-Mart, has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

40.     At all times relevant, Defendant Wal-Mart, has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

41.     At all times relevant herein, Defendant Wal-Mart has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

42.     Defendant Wal-Mart has had and has a gross volume of sales, made or done business in an amount of at least $500,000.

43.     During the relevant liability periods, Defendants were and/or continue to be joint employers of the Plaintiffs and similarly situated current and former employees.

44.     At all times relevant, Plaintiffs and all similarly situated Fresh Assistant Managers and/or Grocery Produce Assistant Managers were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

45.     Defendants issued paychecks to the Plaintiffs and all similarly situated employees during their employment.

46.     Defendants suffered, permitted or directed the work of Plaintiffs and similarly situated employees, and Defendants benefited from work performed by Plaintiffs and similarly situated employees.

47.     Pursuant to Defendants' policy, pattern, and practice, Defendants did not pay Plaintiffs and other similarly situated employees proper overtime wages for hours they worked for Defendants' benefit in excess of 40 hours in a workweek.

48.     Defendant Wal-Mart issued paychecks to the Plaintiffs and all similarly situated employees during their employment.

49.     The Plaintiffs were paid on a salary basis exempt from overtime by Defendant Wal-Mart.

50.     Defendant Wal-Mart directed the work of Plaintiffs and similarly situated employees.

51.     Defendant Wal-Mart directly benefited, from the work the Plaintiffs and similarly situated employees performed.

52.     Defendant Wal-Mart directed the work of Plaintiffs and similarly situated employees, and directly benefited, suffered or permitted the work they performed.

53.     Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek.

54.     Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation.

55.     Plaintiffs and similarly situated employees worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the FLSA.

56.     Plaintiffs and the New Jersey Class worked in excess of forty (40) hours per workweek, without receiving overtime compensation as required by the NJWHL.

57.     Defendant Sam's East, Inc., did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked in excess of forty (40) hours in a workweek.

58.     Defendant Sam's East, Inc., did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

59.     Defendant Sam's West, Inc., did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked in excess of forty (40) hours in a workweek.

60.     Defendant Sam's West, Inc., did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

61.     Defendant Sam's Club did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked in excess of forty (40) hours in a workweek.

62.     Defendant Sam's Club did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

63.     Defendant Wal-Mart did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked in excess of forty (40) hours in a workweek.

64.     Defendant Wal-Mart did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

65.     Pursuant to Defendant's policy and pattern or practice, Defendants did not pay Plaintiffs and other similarly situated employees overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

66.     Pursuant to Defendant's policy and pattern or practice, Defendants did not pay Plaintiffs and other similarly situated employees proper overtime wages for hours they worked for its benefit in excess of forty (40) hours in a workweek.

67.     Pursuant to Defendant's policy, pattern and/or practice, Defendants did not pay Plaintiffs and the New Jersey Class, proper overtime wages for hours they worked for Defendant's benefit in excess of forty (40) hours in a workweek.

**FACTUAL ALLEGATIONS**

68.     Defendants employed Plaintiffs, the Collective Action members, and the members of the New Jersey Class as Assistant Store Managers.

69.     Defendants maintain control, oversight, and discretion over the operation of its retail stores, including its employment practices with respect to Plaintiffs, the Collective Action members, and the members of the New Jersey Class.

70.     Plaintiffs', Collective Action members' and the New Jersey Class, performed work as Fresh Assistant Managers and Grocery Produce Assistant Managers that was integrated into the normal course of Defendants' business.

71.     Consistent with Defendants' policy, pattern and/or practice, Plaintiffs, the Collective Action members, and the New Jersey Class regularly worked in excess of 40 hours per workweek without being paid overtime wages.

72.     Plaintiff Freeman actually worked approximately 50 to 55 hours per week during each week, and was not paid for the hours worked in excess of 40.  For example, during the week of September 13, 2015 through September 19, 2015 Plaintiff Freeman worked approximately 55 hours.

73.     Plaintiff Ward actually worked approximately 50 to 55 hours or more a week during each week in which he worked five or more shifts, and was not paid for the hours worked in excess of 40.  For example, during the week of March 9, 2014 through March 15, 2014, Plaintiff Ward worked approximately 52 hours.

74.     The number of shifts Plaintiffs worked per week can be ascertained from Defendants' records.

75.     Defendants assigned all of the work performed by Plaintiffs, the Collective Action, and the New Jersey Class, and is aware of all the work that they have performed.

76.     This work required little skill and no capital investment.

77.     This work required of the Plaintiffs the Collective Action, and the New Jersey Class, did not include managerial responsibilities.

78.     This work required of the Plaintiffs and the New Jersey Class did not include the exercise of meaningful independent judgment and discretion concerning matters of significance.

79.     Throughout the class action period, defined herein:

 a.  New Jersey class: Current and former employees of Defendants who, at any time within the two (2) years prior to the filing of the Complaint through the date of final disposition of this matter, that have been employed by Defendants in the position of fresh Assistant Manager, Produce Assistant Manager and/or employees holding comparable positions but different titles in a Sam's Club store located in the State of New Jersey, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages ("New Jersey Class Action period" jointly the "Class Action Periods").

80.     Throughout the Collective Action and Class Action Periods, Plaintiffs, the Collective Action Members, and the New Jersey Class performed the following primary job duties including but not limited to: working the cash registers, checking for expiration dates on food, stocking shelves, cleaning the store, assisting customers, unpacking merchandise, and other manual tasks.

81.     Throughout the Collective Action Period, and the New Jersey Class, the primary job duties of Plaintiffs, the Collective Action members, and the New Jersey Class did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

82.     The primary job duties of Plaintiffs, the Collective Action members and the New Jersey Class did not materially differ from the duties of non-exempt hourly paid employees.

83.     The primary duties of Plaintiffs the Collective Action members, and the New Jersey Class were manual in nature.

84.     The Plaintiffs, the Collective Action members, and the New Jersey Class performance of manual labor and non-exempt duties occupied the majority of Plaintiffs, the Collective Action members and the New Jersey Class working hours.

85.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified Fresh Assistant Managers and Grocery Produce Assistant Managers and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA.

86.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified Fresh Assistant Managers and Grocery Produce Assistant Managers and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the NJWHL.

87.     Defendants did not perform a person-by-person analysis of the job duties of Fresh Assistant Managers and/or the Grocery Produce Assistant Managers when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

88.     Defendants did not perform a person-by-person analysis of the job duties of Fresh Assistant Managers and/or the Grocery Produce Assistant Managers when making the decision to classify all of them uniformly as exempt from the overtime protections of the NJWHL.

89.     Defendants established labor budgets to cover labor costs for the stores in which Plaintiffs the Collective Action members, and the New Jersey Class worked.

90.    Defendants did not provide sufficient resources in the labor budgets for non-exempt employees to complete all the non-exempt tasks in each store.

91.    Defendants knew or recklessly disregarded the fact that failing to provide sufficient resources in store labor budgets resulted in Plaintiffs and other similarly situated Fresh Assistant Managers and Grocery Produce Assistant Managers (who were not paid overtime) to work more than forty (40) hours in a workweek and primarily perform manual and non-exempt duties during their workweeks, without receiving overtime compensation.  This allowed Defendants to avoid paying additional wages (including overtime) to the non-exempt store-level employees.

92.    Defendants acted willfully and knew, by virtue of the fact that its Club Managers and Regional Managers (as its authorized agents) and actually saw the Plaintiffs and other similarly situated Fresh Assistant Managers and Grocery Produce Assistant Managers perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets Defendant's had non-exempt employees primarily performing such work.

93.    Defendants knew that Plaintiffs and other similarly situated Fresh Assistant Managers and Grocery Produce Assistant Managers were not performing activities that would suffice to make their actual job duties comply with any FLSA exemption and, Defendants are such a substantial corporate entity aware of its obligations under the FLSA, it, accordingly, acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated Fresh Assistant Managers and Grocery Produce Assistant Managers as non-exempt employees.

94.    Defendants are aware or should have been aware, through Club Managers and Regional Managers (as its authorized agents), that Plaintiffs and other similarly situated Fresh Assistant Managers and Grocery Produce Assistant Managers were primarily performing non-

13

exempt duties.  As a retailer operating over 650 stores throughout the country, Defendants knew or recklessly disregarded the fact that the FLSA, required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

95.     Defendants' unlawful conduct as described above, was willful and/or in reckless disregard of the FLSA.

96.     Defendants' unlawful conduct was accomplished through Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA.

97.     Defendants' unlawful conduct was accomplished through Defendants' centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the NJWHL.

98.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA with respect to Plaintiffs, the members of the Collective Action, and the New Jersey Class.  This policy, pattern, and practice includes, but it is not limited to Defendants' knowledge of its obligations and the kind of work that Plaintiffs, the Collective Action members, and the New Jersey Class were and, have been performing, and that as a result, Defendants have been:

a.     willfully misclassifying Plaintiffs, members of the Collective Action and the New Jersey Class as exempt from the overtime requirements of the FLSA, and the NJWHL;

b.     willfully failing to pay Plaintiffs, members of the Collective Action and the New Jersey Class overtime wages for hours they worked in excess of 40 hours per week; and

c.   willfully failing to provide enough money in its store-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its Fresh Assistant Managers and Grocery Produce Assistant Managers to perform such non-exempt tasks.

99.   Defendants' willful violations of the FLSA, and the NJWHL, are further demonstrated by the fact that during the course of the Collective Action Period, the New Jersey Class period and continuing to the present, Defendants failed to maintain accurate and sufficient time records for Plaintiffs, the members of the Collective Action and the New Jersey Class. Defendants acted recklessly or in willful disregard of the FLSA, and the NJWHL, by instituting a policy and/or practice that did not allow Plaintiffs to record all hours worked.

100.   During the course of the Collective Action and Class Action Period, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as provided under the FLSA, and the NJWHL. This failure to post or keep posted a notice explaining the minimum wage and overtime wages was willful or in reckless disregard of the Plaintiffs' and other similarly situated Fresh Assistant Managers and Grocery Produce Assistant Managers' rights under the FLSA, and the NJWHL.

101.   Due to the foregoing, Defendants' failure to pay overtime wages for work performed by the Plaintiffs, the Collective Action Members and New Jersey Class in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

15

## FLSA COLLECTIVE ACTION ALLEGATIONS

102.    Plaintiffs re-allege and incorporates all of the preceding paragraphs.

103.    Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Sam's Club as Fresh Assistant Managers and Grocery Produce Assistant Managers and individuals holding comparable salaried positions with different titles employed by Defendants within the United States at any time three years prior to the date of filing this Complaint, to the entry of judgment in this case (the "Collective Action Period").

104.    During the FLSA Liability Period, Defendants have employed numerous Assistant Store Managers who are similarly situated to Plaintiffs in that they have performed the same duties as the Plaintiffs, and have been subjected to the same illegal pay practices as the Plaintiffs.

105.    During the FLSA Liability Period, Assistant Store Managers like the Plaintiffs, have been victims of a common policy, plan, or scheme by Defendants to misclassify Assistant Store Managers as exempt and to deny them overtime compensation required by the FLSA.

106.    During the FLSA Liability Period, Assistant Store Managers, like Plaintiffs, have been uniformly affected by Defendants' centralized, companywide policy and/or practice to classify the Assistant Store Managers as exempt and to deny them overtime compensation required by the FLSA, which applied at all of Defendants' locations in the United States.

107.    Defendants' misclassification of Plaintiffs and other similarly situated Assistant Store Managers, and Defendants' unlawful compensation policies and/or practices, have been in willful disregard of the rights of Plaintiffs, and other similarly situated Assistant Store Managers under the FLSA.

108.    Defendants are liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiffs and other similarly situated employees.

109.    There are many similarly situated current and former Fresh Assistant Managers and Grocery Produce Assistant Managers who have not been paid overtime wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

110.    The similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## RULE 23 CLASS ALLEGATIONS

111.    Plaintiffs re-allege and incorporate all of the preceding paragraphs.

112.    Plaintiffs sue on their own behalf and on behalf of classes of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

113.    Under Fed. R. Civ. P. 23(b)(3), a Plaintiff must plead that:

  a. The class is so numerous that joinder is impracticable;
  b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;
  c. Claims or defenses of the representative are typical of the class;
  d. The representative will fairly and adequately protect the class; and,
  e. A class action is superior to other methods of adjudication.

114.    The Rule 23 Class that Plaintiff Freeman (New Jersey Class) seeks to identify includes:

> Current and former employees of Defendants who, at any time within the two (2) years prior to the filing of the Complaint through the date of final disposition of this matter, are or have been employed by Defendants in the position of Fresh Assistant Managers and/or Grocery Produce Assistant Managers and/or employees holding comparable positions but different titles in a Sam's Club store located in the State of New Jersey, and classified as exempt from overtime compensation, and who have not been paid for all hours worked by them as well as overtime wages (the "New Jersey Class Members").

### Numerosity

115.    The persons identified as Class Members above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number can be made are presently within the sole control of Defendants, upon information and belief, there are at least 100 Class Members during the Class Periods.

### Common Questions of Law and/or Fact

116.    There are common questions of law and fact that govern the claims that are available to each Class Member, including, but not limited to the following: There are questions of law and fact common to the Class, which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a.   whether Defendants have a policy of misclassifying Fresh Assistant Managers and Grocery Produce Assistant Managers as "exempt" employees and denied them overtime compensation;

b.   whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Class Members;

c.   what proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

d.   whether Defendants have failed and/or refused to pay Plaintiffs and the Class Members overtime pay for hours worked in excess of (40) forty hours per work week within the meaning the New Jersey State Wage and Hour Law, and all supporting regulations;

e.   the nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class;

f.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated, punitive and statutory damages, interest, attorneys' fees, costs and disbursements; and

g.  whether Defendants have acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to all the Class Members.

117.    Defendants have acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members as a whole.

118.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

119.    Plaintiff has the same interests in this matter as all other Class Members, and Plaintiff's claims are typical of the Class Members.

### Typicality of Claims and/or Defenses

120.    The claims of Plaintiffs are typical of the claims of the Class Members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against the defendants.

### Adequacy

121.    Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

122.    Plaintiffs have the same interests in this matter as all other Class Members, and Plaintiffs' claims are typical of the Class and thus would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

### Superiority

123.    Plaintiffs' claims are typical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiffs identically, or at the very least, substantially-similarly, to the Class Members.

124.    Any lawsuit brought by a salaried Fresh Assistant Manager and Grocery Produce Assistant Manager of Defendant's would be identical to a suit brought by any Salaried Fresh Assistant Manager and Grocery Produce Assistant Managers for the same violations. Thus, separate litigation would risk inconsistent results.

125.    Accordingly, this means of protecting the Class Members' rights is superior to any other method, and this action is properly maintainable as a Class Action under Federal Rule of Civil Procedure 23(b)(3).

126.    Additionally, Plaintiffs' counsel has substantial experience in this field of law.

## NJWHL CLASS ALLEGATIONS

127.    Plaintiffs re-allege and incorporate all of the preceding paragraphs.

128.    Plaintiff Freeman brings this action on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

129.    Plaintiff Freeman brings NJWHL claims on behalf of all persons who were employed by Defendants at any time since two years prior to the filing of the complaint in the State of New Jersey, to the entry of judgment in this case (the "Class Period"), who were employed by Defendants as Fresh Assistant Managers and Grocery Produce Assistant Managers and/or other comparable positions with different titles, who were non-exempt employees within the meaning of the NJWHL and who have not been paid for all hours worked by them as well as overtime wages in violation of the NJWHL (the "New Jersey Class").

130.    The persons in the New Jersey Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are at least 100 members of New Jersey Class during the Class Period.

131.    The claims of Plaintiffs are typical of the claims of the New Jersey Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against the defendants.

132.    There are questions of law and fact common to the New Jersey Class, which predominate over any questions solely affecting the individual members of the New Jersey Class, including but not limited to:

a.   whether Defendant employed the members of the New Jersey Class within the meaning of the NJWHL;

b.   what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c.   whether Defendant failed and/or refused to pay the members of the New Jersey Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NJWHL;

d.   whether Defendants misclassified Plaintiffs and the New Jersey Class as exempt under the relevant provisions of the NJWHL;

    e.   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

    f.   whether Defendants should be enjoined from such violations of the NJWHL in the future.

133.    Defendants have acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

134.    Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

135.    Plaintiffs have the same interests in this matter as all other members of the New Jersey Class and Plaintiffs' claims are typical of the New Jersey Class.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES
### (Brought on Behalf of Plaintiffs and All Collective Action Members)

136.    Plaintiffs re-allege and incorporate all of the preceding paragraphs.

137.    At all relevant times, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

138.    At all relevant times, Defendants employed Plaintiffs, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

139.    Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

140.    Plaintiffs consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

141.    The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendants.

142.    At all relevant times and continuing to the present, Defendants have a policy and practice of refusing to pay overtime compensation to its Fresh Assistant Managers and Grocery Produce Assistant Managers and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

143.    As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and Collective Action Members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

144.    As a result of Defendants' willful failure to record, report, credit, and compensate its employees, including Plaintiffs and the Collective Action Members, Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

145.    As a result of Defendants' policy and practice of minimizing labor costs by underfunding labor budgets for its stores, Defendants knew or recklessly disregarded the fact that Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

146.    Due to Defendants' failure to provide enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and Collective Action Members, Defendants' actual knowledge, through its Club Managers and Market Managers that the primary duties of Plaintiffs and the Collective Action Members were manual labor and other non-exempt tasks, Defendants' failure to perform a person-by-person analysis of Plaintiffs' and the Collective Action Members' job duties to ensure that they were performing exempt job duties, Defendants' instituting a policy and practice that did not allow Plaintiffs and Collective Action Members to record all hours worked, and Defendants' failure to post or keep posted a notice explaining the minimum wage and overtime wage requirements, Defendants knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

147.    As a result of Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to (a) recover from Defendants their unpaid wages for all of the hours worked by them, as overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendants' willful violations of the FLSA; and, (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## NEW JERSEY STATE WAGE AND HOUR LAW: UNPAID OVERTIME WAGES
### (Brought on Behalf of Plaintiff Freeman and All New Jersey Class Members)

148.    Plaintiff Freeman on behalf of himself and all members of the New Jersey Class, re-allege and incorporate by reference paragraphs 1 through 148 as if set forth again herein.

149.    Defendants violations of the NJWHL have been willful.

##

150.    At all relevant times, Plaintiff Freeman and the members of the New Jersey Class were employed by Defendants within the meaning of the NJWHL.

151.    Defendants willfully violated Plaintiff Freeman's rights as well as the rights of the New Jersey Class, by failing to pay them for all hours worked, and for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek in violation of the NJWHL.

152.    Defendants' NJWHL violations have caused Plaintiff Freeman and the New Jersey Class irreparable harm for which there is no adequate remedy at law.

153.    Due to Defendant's NJWHL violations, Plaintiff Freeman and the New Jersey Class are entitled to recover from Defendants their unpaid wages for all hours worked, overtime compensation, damages and/or interest for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to NJWHL.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the Collective Action Members and the New Jersey Class are entitled to and pray for the following relief:

a.    Designation of this action as an FLSA collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.    A declaratory judgment that the practices complained of are unlawful under the FLSA;

c.  An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA, and the NJWHL, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

d.  An award of liquidated and punitive damages as a result of Sam's Club's willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216, and the NJWHL;

e.  An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

f.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the New Jersey Class, appointing Plaintiff Freeman and their counsel to represent the New Jersey Class;

g.  A declaratory judgment that the practices complained of herein are unlawful under the NJWHL;

h.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

i.  An award of prejudgment and post-judgment interest;

j.  An award of costs and expenses of this action together with reasonable attorneys', expert fees and an award of a service payment to the Plaintiffs; and

k.        Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs, the Collective Action Members and all New

Jersey Class demand a trial by jury on all questions of fact raised by the Complaint.

Dated: March 16, 2017                          By: _____
                                               Joseph D. Monaco, III
                                               The Law Offices of Joseph Monaco, P.C.

                                               New Jersey Office:
                                               1317 Morris Avenue
                                               Union, New Jersey 07083
                                               Phone: (212) 486-4244
                                               Fax: (646) 807-4749


                                               Charles Gershbaum, Esq.*
                                               Marc S. Hepworth, Esq.
                                               David A. Roth, Esq.*
                                               Rebecca S. Predovan, Esq.*
                                               HEPWORTH, GERSHBAUM & ROTH,
                                               PLLC
                                               192 Lexington Avenue, Suite 802
                                               New York, New York 10016
                                               Tel: (212) 545-1199
                                               Fax: (212) 532-3801
                                               mhepworth@hgrlawyers.com
                                               cgershbaum@hgrlawyers.com
                                               droth@hgrlawyers.com

                                               *Attorneys for Plaintiffs*

*To be admitted Pro Hac Vice

27

#

# EXHIBIT "A"