**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TERRENCE FREEMAN and BRADLEY WARD, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAM'S EAST INC., *et al.*,<br><br>Defendants. | Civ. No. 2:17-1786 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Bradley Ward brings this putative wage and hour class and collective action, on behalf of himself and all other Fresh Assistant Managers similarly situated who were employed by Defendants since March 16, 2014, against Defendants Sam's East Inc., Sam's West, Inc., Sam's Club, an operating segment of Wal-Mart Stores, Inc., and Wal-Mart Stores, Inc. (collectively, "Defendants" or "Sam's Club").[1] Plaintiff alleges Defendants' failure to pay overtime wages violates the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and now moves for conditional certification of the FLSA claims as a collective action under 29 U.S.C. § 216(b).[2] The Court has jurisdiction under 28 U.S.C. § 1331 and decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's motion for conditional certification of the FLSA collective action will be **DENIED** without prejudice.

I.   BACKGROUND

Sam's Club is the eighth largest retailer in the United States, currently operating almost 600 Sam's Club locations nationwide. Cert. of Kristine J. Feher, Ex. 10, Deposition of John Engel, Apr. 24, 2018, 55:11–17, ECF No. 63-1. Named Plaintiff Bradley Ward ("Plaintiff"), and opt-in plaintiffs Rupinder Nahal and Steven Hoggard (the "Opt-Ins") all worked as Fresh Assistant Managers ("FAMs") at Sam's Club. Plaintiff's

---

[1] Under Rule 37(d), the Court granted Defendants' unopposed motion to dismiss with prejudice named Plaintiff Terrence Freeman for failure to both prosecute his claims and appear for a properly noticed deposition. ECF No. 59.

[2] Plaintiff also asserts a Rule 23 class action claim under the New Jersey Wage and Hour Law, N.J. Stat. Ann. § 34:11-56a *et seq. See* Compl. ¶ 2, ECF No. 2. Those allegations are not relevant to the pending motion here.

1

length of employment covers less than two weeks of the collective period he seeks to certify. Decl. of Marc Hepworth ("Hepworth Decl."), Ex. A, Deposition of Bradley Ward, May 8, 2018, 174:14–178:11, ECF No. 60-1.

Plaintiff alleges that during the collective action period, he and other FAMs were non-exempt employees entitled to overtime compensation under the FLSA for performing more than forty hours of work per week. Compl. ¶¶ 1, 13, 73. Plaintiff further alleges that Defendants improperly categorized FAMs as exempt employees to avoid paying overtime wages. *Id.* ¶ 85. In sum, Plaintiff alleges that Defendants implemented and used corporate policies in violation of the FLSA by:

1. Willfully misclassifying its FAMs as exempt from the FLSA's overtime requirements;

2. Willfully failing to pay its FAMs overtime wages for hours worked in excess of forty hours per week;

3. Willfully failing to provide enough money in each Sam's Club's labor budgets for its non-exempt employees to perform their job duties and responsibilities, forcing its FAMs to perform such non-exempt tasks.

*Id.* ¶ 98.

The parties have engaged in limited discovery to determine whether Plaintiff is similarly situated to those in the proposed collective and if the FLSA claims can be certified as a collective action. *See* ECF Nos. 19, 27, 29, 41. This limited, first-phase discovery took almost a year to complete. Plaintiff now moves for conditional certification of a nationwide FLSA collective action. ECF No. 60. Defendants oppose, arguing that Plaintiff has failed to demonstrate the existence of a definable collective of potential plaintiffs. *See* Defs.' Opp'n Br. 1–2, ECF No. 63.

In support of the motion for conditional certification, Plaintiff submitted: (1) Plaintiff's and the Opt-Ins' deposition testimonies; (2) Defendants' corporate policies and procedures; (3) an excerpt of Defendants' SEC Form 10-K filing; and (4) two Rule 30(b)(6) depositions of Sam's Club corporate representatives. *See* Pl.'s Br., ECF No. 60-2; Hepworth Decl. ¶¶ 5–27.

Defendants respond that the paucity of Plaintiff's proof prohibits granting conditional certification of a nationwide collective action. Defs.' Opp'n Br. at 1. Defendants; argue that: (1) Plaintiff and the Opt-Ins are not even similarly situated to one another—much less a putative collective of thousands of FAMs, *id.* at 26–27, 30–32; (2) its classification of FAMs as exempt is insufficient to show how they are together victims of a common policy or plan that violated the law, *id.* at 27–28; (3) even if Defendants used a common job description, that adds little in answering if other FAMs performed non-exempt duties not listed in the job description, *id.* at 28–30;[3] and (4) courts have rejected the notion that

---

[3] In connection with Plaintiff's motion, Defendants submitted several "happy camper" declarations from current employees, which Plaintiff asks the Court to disregard because the declarations address the merits of the claims and is therefore premature. Pl.'s Reply Br. 13–15,

2

uniform corporate policies and procedures are enough to pass the "similarly situated" threshold, *id.* at 29. Defendants also urge that if the Court finds it appropriate to issue notice to individuals wishing to join the action, then the notice should be geographically and temporally limited. *Id.* at 36. Plaintiff filed a reply, mainly reiterating his previous points, adding that Defendants made merits-based arguments which are beyond the scope of consideration at this conditional certification stage. Pl.'s Reply Br. at 2–4, 10–12.

## II. LEGAL STANDARD

The FLSA allows employees to bring a "collective action" on behalf of themselves and similarly situated employees for alleged violations of its federal minimum-wage, maximum-hour, and overtime guarantees. *See* 29 U.S.C. § 216(b). Courts use a two-step approach to decide FLSA collective action certifications. *Camesi v. Univ. of Pitt. Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). In step one, courts decide whether to grant "conditional certification" – the type of certification at issue here. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d. Cir. 2011), *rev'd on other grounds by* 133 S. Ct. 1523 (2013). "'[C]onditional certification' is not really certification," since it involves the court using its "discretionary power . . . to facilitate the sending of notice to potential [collective] members." *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012) (internal quotations and citations omitted). In step two, courts decide whether to grant final certification. *See Symczyk*, 656 F.3d at 193.

At step one, courts apply a "fairly lenient standard" to determine whether the employees enumerated in the named plaintiff's complaint are similarly situated. *Zavala*, 691 F.3d at 536 & n.4. The named plaintiff need only "make a 'modest factual showing'—something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016) (quoting *Zavala*, 691 F.3d at 536 n.4).

## III. DISCUSSION

Defendants argue Plaintiff has failed to meet the burden of proof for conditional certification. The Court agrees.

### A. Use of Exempt Classification

Plaintiff's reliance on a common exemption status among the proposed collective members is misplaced. "[T]he mere classification of a group of employees—even a large or nationwide group—as exempt under the FLSA is not by itself sufficient to constitute the necessary evidence of a common policy, plan, or practice that renders all putative class members as 'similarly situated' for § 216(b) purposes." *Bramble v. Wal-Mart Stores, Inc.*, Civil Action No. 09-4932, 2011 WL 1389510, at *4 (E.D. Pa. Apr. 12, 2011)

---

ECF No. 66. At this stage and with Plaintiff lacking the opportunity to obtain testimony from the declarants, the Court agrees and will refuse to consider the declarations purporting "to show individual differences among the [FA]Ms' actual duties . . . ." *See Goodman v. Burlington Coat Factory*, No. 11-435, 2012 WL 5944000, at *6 (D.N.J. Nov. 20, 2012).

(internal quotation and citation omitted). "[C]ourts considering claims similar to those of [P]laintiff[] have declined to grant conditional certification where consideration of the propriety of an employer's application of an exemption to its employees would require an individualized or fact intensive analysis." *Bramble*, 2011 WL 1389510, at *6 (citation omitted) (declining to certify FLSA collective of thousands since the sole plaintiff offered insufficient evidence); *Moore v. PNC Bank, N.A.*, No. 12-cv-1135, 2013 WL 2338251, at *5 (W.D. Pa. May 29, 2013) (citations omitted) (declining to certify FLSA collective when the sole plaintiff provided no corroborating testimony from any alleged similarly situated employee). As discussed below, Plaintiff's own evidence demonstrates the need for individualized inquiry to sustain the FLSA claims.

### B. Use of a Common Job Description and Corporate Policies

Plaintiff failed to make the requisite factual showing that he is similarly situated to FAMs nationwide. Indeed, Plaintiff's claim rests on his own individualized work experience, in which he never performed managerial responsibilities and frequently worked more than forty hours per week. *See* Compl. ¶¶ 61, 73, 77–78, 108. But Plaintiff failed to present any evidence that other FAMs had similar experiences. He essentially asks the Court to assume that because he performed non-managerial tasks and worked in excess of forty hours in a workweek, then other FAMs did too. "Courts in this Circuit . . . have routinely found that such speculation is not proper." *Federman v. Bank of Am., N.A.*, No. 14-441 (MAS) (TJB), 2016 WL 3090631, at *5 (D.N.J. May 31, 2016) (citing cases); *see also Friscia v. Panera Bread Co.*, No. 16-cv-3754 (ES) (SCM), 2018 WL 3122330, at *6–*7 (D.N.J. June 26, 2018) (limiting FLSA collective action treatment only to assistant managers who worked in defendant's New Jersey store locations since plaintiff failed to show knowledge of an assistant manager's duties at stores in two other states).

Plaintiff points to Defendants' common job description for FAMs nationwide, but that too also fails to warrant granting certification. "[I]f a uniform job description by itself was sufficient, every business in corporate America would be subject to automatic certification of a nationwide collective action on the basis of the personal experiences of a single misclassified employee." *Costello v. Kohl's Ill., Inc.*, No. 1:13–CV–1359–GHW, 2014 WL 4377931, at *4 (S.D.N.Y. Sept. 4, 2014). In short, Defendants' use of a uniform job description sheds little light on whether Plaintiff is similarly situated to FAMs across the country. *See Harriel v. Wal-Mart Stores, Inc.*, Civil Action No. 11-2510 (MLC), 2012 WL 2878078, at *5 (D.N.J. July 13, 2012) (citation and footnote omitted) ("The fact that Plaintiff alone claims he spent most of his time performing non-managerial tasks, combined with the evidence showing that the [assistant manager] position is subject to nationwide standards under [d]efendant's corporate policies, does not require the Court to infer that a significant number of other [assistant managers] would have also deviated from the written job description to spend most of their time performing non-managerial tasks."). Plaintiff does not allege the tasks described in the FAM job description themselves are non-exempt, such that performing the described duties makes FAMs non-exempt employees. He argues instead to have regularly performed non-exempt tasks, and therefore the Court should assume other FAMs nationwide perform non-exempt tasks

most of the time. But as noted, "such speculation is not proper." *Federman*, 2016 WL 3090631, at *5.

Plaintiff's reliance on *Gervasio v. Wawa Inc.*—in which the court granted conditional certification based on uniform job descriptions—is inapposite. No. 17-cv-245 (PGS), 2018 WL 385189, at *4 (D.N.J. Jan. 11, 2018). In *Gervasio*, the defendant's assistant manager job description listed managerial responsibilities but also included "a laundry list of other non-managerial duties that [assistant general managers] [we]re expected to do." *Id.* at *4. And unlike here, the job description in *Gervasio* explicitly noted the assistant general managers had to work more than forty hours per week and perform non-exempt job duties. *Id.* at *2. That is not the case here. Plaintiff's claim is based on performing "manual labor and non-exempt duties" not listed in the job description. *See* Compl. ¶ 80. There is simply insufficient evidence to support a sweeping contention that because Plaintiff performed non-managerial tasks not listed in the job description, then other FAMs must have as well. *See, e.g.*, *Bramble*, 2011 WL 1389510, at *5 (citing *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 476 (S.D.N.Y. 2010) (denying conditional certification since plaintiff's claim that he spent most of his time performing non-exempt managerial tasks "in contravention of the formal job description" was "very different from an attack on a common formal policy")).

The Court finds Plaintiff has failed to "produce some evidence, beyond 'pure speculation,' of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected other employees." *Symczyk*, 656 F.3d at 192 (citation omitted). Instead, Plaintiff asks this Court to infer that because his rights may have been violated, the rights of thousands of FAMs at almost 600 Sam's Clubs nationwide were violated. While Plaintiff need not show that FAMs nationwide performed mainly non-exempt duties not listed in the job description, he has yet to provide modest evidence from which the Court could infer that he and other FAMs were together victims of a common policy or plan. *See Karlo v. Pitt. Glass Works, LLC*, 849 F.3d 61, 85–86 (3d Cir. 2017).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional certification of the FLSA collective action is **DENIED** without prejudice. An appropriate order follows.

                                            */s/ William J. Martini*
                                       **WILLIAM J. MARTINI, U.S.D.J.**

**Dated: November 8, 2018**