**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
P.O. Box 677
Florham Park, New Jersey 07932
Telephone: (973) 360-7900

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERENCE FREEMAN and BRADLEY WARD, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAM'S EAST, INC., SAM'S WEST, INC., SAM'S CLUB, an operating Segment of Wal-Mart Stores, Inc., and WAL-MART STORES, INC.,<br><br>Defendants. | Civ. A. No.: 2:17-cv-1786-WJM-MF<br><br>**Motion returnable:**<br><br>**November 16, 2020** |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION
### TO DISMISS CLAIMS OF ALL OPT-INS WITHOUT PREJUDICE

Kristine J. Feher, Esq.
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
P.O. Box 677
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
*Attorneys for Defendants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

FACTS AND PROCEDURAL HISTORY ..............................................................1

LEGAL ARGUMENT................................................................................................3

CONCLUSION ..........................................................................................................5

## **TABLE OF AUTHORITIES**

**Page(s)**

### **Cases**

*Alvarez v. City of Chi.*,
　605 F.3d 445 (7th Cir. 2010) ...................................................................................4

*Chemi v. Champion Mortgage*,
　No. 05-cv-1238, 2006 WL 8458227 (D.N.J. Aug. 14, 2005)...............................3

*Fox v. Tyson Foods, Inc.*,
　519 F.3d 1298 (11th Cir. 2008) ..............................................................................4

*Halle v. W. Penn Allegheny Health Sys.*,
　842 F.3d 215 (3d Cir. 2016) ..........................................................................1, 3, 5

*Sandoz v. Cingular Wireless LLC*,
　553 F.3d 913 (5th Cir. 2008) ...................................................................................3

### **Statutes**

29 U.S.C. § 216(b) ........................................................................................................1

29 U.S.C. § 256..............................................................................................................3

### **Rules**

*Fed. R. Civ. P.* 23 ........................................................................................................1

Defendants Sam's East, Inc., Sam's West, Inc., Sam's Club, and Wal-Mart Stores, Inc. (collectively "Defendants" or "Sam's Club") respectfully submit this Brief in Support of Defendants' Motion to Dismiss Claims of All Opt-Ins Without Prejudice. The Court denied conditional certification on November 8, 2018. As the Court has found, Plaintiff Ward is not similarly situated to other Fresh Assistant Managers ("FAMs"). Accordingly, under the Third Circuit's holding in *Halle v. W. Penn Allegheny Health Sys.*, 842 F.3d 215, 226 (3d Cir. 2016), the claims of the three opt-ins should be dismissed, without prejudice.

## FACTS AND PROCEDURAL HISTORY

On March 16, 2017, two plaintiffs who had worked as Fresh Assistant Managers ("FAMs") at two Sam's Clubs – plaintiff Terence Freeman in New Jersey and plaintiff Bradley Ward in Iowa – filed this lawsuit. Plaintiffs alleged on behalf of themselves and others "similarly situated" that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on the theory that Walmart misclassified them as exempt employees and failed to pay them overtime. (Dkt. 1).

After Freeman failed to attend his deposition, the Court dismissed his claims on July 16, 2018.[1] (Dkt. 59). The remaining plaintiff, Ward, worked as a FAM for

---

[1] Freeman had also asserted New Jersey Wage and Hour Law ("NJWHL") claims and sought to certify a class under *Fed. R. Civ. P.* 23. Once the Court dismissed Freeman, his NJWHL claim, and any class claim arising therefrom, were also necessarily dismissed.

only 10 days during the limitation period,[2] and even then his claims are timely only if he can take advantage of the longer statute of limitations available to a plaintiff who can prove willfulness.[3]

After having been given the opportunity to conduct discovery, Plaintiff Ward filed his motion to certify a nationwide collective action of FAMs on July 25, 2018. (Dkt. 60, 61). The Court denied the motion on November 8, 2018, concluding, among other things, that "Plaintiff [Ward] failed to make the requisite factual showing that he is similarly situated to [FAMs] nationwide." (Dkt. 67, Opinion at p. 4).

Prior to the Court's ruling, three individuals had opted into the case. One of those opt-ins, Sean Sheehan, never worked as a FAM and Plaintiff Ward did not include him in the motion for conditional certification. (Dkt. 60-2 at p. 1). Of the remaining two, opt-in Rupinder Nahal worked as a FAM in Houston, Texas from

---

[2] The Court noted the short duration of Ward's claim in its opinion denying Plaintiff's motion for conditional certification stating "[Ward's] length of employment covers less than two weeks of the collective action period he seeks to certify." (Dkt. 67 at pp. 1-2).

[3] It is Defendants' position that Plaintiff cannot demonstrate willfulness. Defendants anticipate filing a separate motion for summary judgment directed at Ward's claims at the appropriate time.

2

September 2016 to November 2017 and opt-in Stephen Hoggard worked as a FAM in Raleigh, North Carolina from June 2013 to May 2015.[4,5]

## LEGAL ARGUMENT

Under settled law in this Circuit and other Circuits, when a court finds opt-ins to a proposed collective action are not "similarly situated" to the named plaintiff, it "will decertify the class" and "dismiss the opt-in plaintiffs without prejudice." *Halle v. W. Penn Allegheny Health Sys.*, 842 F.3d 215, 226 (3d Cir. 2016) (citing, *inter alia*, *Lusardi v. Lechner*, 855 F.2d 1062, 1079 (3d Cir. 1988) ("A district court has no power or jurisdiction to rule on the merits of the claims of individual [opt-in] members of a putative opt-in class when it denies [conditional] certification.")); *Chemi v. Champion Mortgage*, No. 05-cv-1238, 2006 WL 8458227, at *1, *7 (D.N.J. Aug. 14, 2005) (denying motion for reconsideration of previous order denying conditional certification on the ground "that plaintiffs had failed to make a sufficient factual showing that similarly situated plaintiffs existed," and holding that opt-ins "must be dismissed without prejudice, with leave to re-file, because there is no class at this point of which they can be a part"); *see also Sandoz v. Cingular*

---

[4] Hoggard filed his notice of consent on November 3, 2017. (Dkt. 34, 34-1). Accordingly, his claims are time barred unless he can prove willfulness (which he cannot) and even then his claim would go back, at most, to November 3, 2014. *See* 29 U.S.C. § 256.

[5] These dates and locations are not disputed. *See* Defendants' Brief in Opposition to Plaintiff's Motion for Conditional Certification filed on August 29, 2018 (Dkt. 63) at pp. 2-7.

3

*Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008) (holding court must dismiss opt-in claims if no similarly situated employees opt in to the action) (citation omitted); *Alvarez v. City of Chi.*, 605 F.3d 445, 450 (7th Cir. 2010) ("When a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs.") (citing, *inter alia*, *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1301 (11th Cir. 2008) (affirming dismissal of opt-in plaintiffs, and severance of each of the named plaintiffs into separate individual actions).

This Court should follow the lead of the Third Circuit and the courts of this District. Indeed, this Court not only denied conditional certification two years ago, but the plaintiffs have never – in the more than three and a half years that this case has been pending – identified even one similarly situated employee. And although three individuals did opt in, none of them are similarly situated to Ward. Nor did any of them even work with Ward, or with each other. Nahal and Hoggard worked as FAMs in different Clubs, in different states and at different times than Ward. Specifically, Nahal's claim concerns an eight-month period of employment in *Texas* between 2016 and 2017, while Hoggard's claim concerns a seven-month period of employment in *North Carolina* between November 2014 and May 2015. Ward's claim, by contrast, concerns (at most) a 10-day period of employment in *Iowa* in March 2014. And as for the third opt-in, Sheehan, the record demonstrates that he never even worked as a FAM.

4

The bottom line here is that neither Nahal, nor Hoggard, nor Sheehan is similarly situated to Ward, or even similarly situated to one another. At best, these three opt-ins are just three individuals who potentially have individual claims, and those individual claims each arise out of circumstances wholly unrelated to those allegedly encountered by Ward. None of them belong in this case. Pursuant to *Halle*, the Court should grant Defendants' motion and dismiss each of the three opt-ins' claims without prejudice.

## **CONCLUSION**

For the foregoing reasons, the claims of opt-ins Rupinder Nahal, Stephen Hoggard and Sean Sheehan should be dismissed without prejudice.

Dated: October 23, 2020          Respectfully submitted,

GREENBERG TRAURIG, LLP

By:   */s/ Kristine J. Feher*
      Kristine J. Feher

500 Campus Drive, Suite 400
Florham Park, New Jersey 07932
*Attorneys for Defendants*

5