UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------X
TERRENCE FREEMAN and BRADLEY WARD
Individually and on Behalf of All Other Persons Similarly Situated.

Case No.: 2:17-cv-1786-WJM-MF

Plaintiffs,

-against-

SAM'S EAST INC., SAM'S WEST, INC., SAM'S CLUB, an operating Segment of Wal-Mart Stores, Inc., and WAL-MART STORES, INC.,

Defendants.
---------------------------------------------------------X

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**

Marc S. Hepworth
Charles Gershbaum
David A. Roth
Rebecca S. Predovan
**HEPWORTH GERSHBAUM & ROTH PLLC**
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

1

## I.    PRELIMINARY STATEMENT

Plaintiffs, Terrance Freeman[1] and Bradley Ward (collectively, "Plaintiffs"), along with Rupi Nahal, Steven Hoggard, and Sean Sheehan other Opt-in Fresh Assistant Managers (collectively FAMs) who were employed by Defendants Sam's East Inc., Sam's West, Inc., Sam's Club, an operating segment of Wal-Mart Stores, Inc., and Wal-Mart Stores, Inc. (collectively, "Defendants" or "Sam's Club") submit this memorandum in opposition to Defendant's Motion to Dismiss the Claims of all Opt-ins without Prejudice.  In Plaintiffs Complaint they allege that Sam's Club misclassified its FAMs as exempt and failed to pay them overtime compensation for hours worked in excess of forty (40) per workweek, in violation of the FLSA, 29 U.S.C. §§ 201, et seq., even though AMs spend the majority of their workdays performing non-exempt, retail clerk duties such as: cashiering; customer service; unloading the merchandise and stocking the shelves; organizing merchandise and displays; and cleaning the store, including the backrooms.  While successful on the issue of conditional certification, to date Defendants have done nothing to establish its defenses on the merits or to challenge the veracity of Plaintiffs' misclassification claims.

---

[1] On June 11, 2018, Defendants moved to dismiss Terrence Freeman. *See* Dkt. No 55.  On July 16, 2018, Terrence Freeman was dismissed. *See* Dkt. No. 59.

1

## II.     RELEVANT PROCEDURAL HISTORY

On March 16, 2017, Plaintiffs filed a Complaint alleging that Sam's Club misclassified AMs as exempt because their primary duty was non-managerial work, and willfully failed to pay them and other similarly situated AMs overtime for all hours worked in excess of forty (40) per workweek. Complaint (ECF No. 1). Subsequently, Sam's Club admitted that it failed to pay FAMs overtime, but claims they are not required to do so because FAMs were properly classified. *See* Answer (ECF No. 15 at Affirmative Defenses 27, 31). Plaintiff filed their motion for notice on July 28, 2018 and the Court denied the motion on November 8, 2018. ECF No. 67.

## III.    ARGUMENT

### A. The Claims of the Opt-in Plaintiffs Should Not Be Dismissed.

This Court's decision to deny 216(b) only determined the issue of whether notice should issue. This decision does not as Defendants suggest require the dismissal of all opt-ins. The Court can at its discretion allow the opt-ins to continue in the action. *See, e.g., Brown v. Barnes and Noble, Inc.*, 2018 WL 3105068, at *19 (S.D.N.Y. June 25, 2018).

There is no present deadline in this action by which Plaintiffs must renew their motion for the issuance of 216(b) notice and Plaintiffs have communicated to the Court that it is considering filing a renewed motion.

Defendants' argument that that conditional certification is a necessary prerequisite to individuals opting into a FLSA collective action is simply incorrect. While conditional certification is an important procedural device that enables district courts to facilitate an orderly FLSA notice and opt-in process, *see generally Hoffman-La Roche*, 493 U.S. at 170-73, the Third Circuit has made clear that conditional certification "'is *neither necessary* nor sufficient for the existence of a representative action under FLSA.'" *Symczyk*, 656 F.3d at 194 (quoting *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n. 10 (2d Cir. 2010)) (emphasis supplied); *see also Zavala*, 691 F.3d at 536 (repeating same quote).

In other words, FLSA collective actions can go forward (subject to the district court's potential "decertification" of the collective after the close of discovery) without the plaintiffs ever obtaining conditional certification. This point is made abundantly clear in footnote 10 of the Second Circuit's *Myers* opinion (which is the same footnote from which the Third Circuit quotes in both *Symczyk* and *Zavala*):

Indeed, while courts speak of "certifying" a FLSA collective action, it is important to stress that the "certification" we refer to here is only the district court's exercise of the discretionary power, upheld in *Hoffmann-La Roche*, to facilitate the sending of notice to potential class members. Section 216(b) does not by its terms require any such device, and nothing in the text of the statute prevents plaintiffs from opting in to the action by filing consents with the district court, even when the notice

3

described in *Hoffmann-La Roche* has not been sent, so long as such plaintiffs are "similarly situated" to the named individual plaintiff who brought the action. Thus "certification" is neither necessary nor sufficient for the existence of a representative action under FLSA, but may be a useful "case management" tool for district courts to employ in "appropriate cases." *Myers*, 624 F.3d at 555 n. 10 (emphasis supplied; internal citations omitted).

Contrary to Defendants' assertion, the Court in *Halle v. West Penn Allegheny Health System Inc.*, 842 F.3d 215, 227 (3d Cir. 2016), simply held that the District Court's decision was not appealable, following the District Court's decision to strike the collective action claims within the Complaint and dismiss the opt-in plaintiffs. Defendants' citation to *Lusardi v. Lechner*, 855 F.2d 1062, 1079 (3d Cir. 1988), is also distinguishable in *Lusardi* the Third Circuit likened conditional certification to a discovery device and the Court's order and the comments made therein followed a motion for decertification.[2]

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that the Court should deny Defendants' motion in its entirety.

Dated: January 19, 2021                         Respectfully submitted,

---

[2] If the Court chooses to grant Defendants' motion Plaintiffs respectfully request that it make it clear within its order that the Opt-in Plaintiffs' statute of limitations will continue to be tolled for 90 days, thereby allowing the Opt-In Plaintiffs an opportunity to refile their cases individually.

5

> By: *s/Marc S. Hepworth*
> Marc S. Hepworth
> Charles Gershbaum*
> David A. Roth*
> Rebecca S. Predovan*
> **HEPWORTH GERSHBAUM & ROTH PLLC**
> 192 Lexington Avenue, Suite 802
> New York, New York 10016
> Telephone: (212) 545-1199
> Facsimile: (212) 532-3801
>
> *Pro hac vice* admitted

## **CERTIFICATE OF SERVICE**

      I, Marc S. Hepworth, hereby certify that a true and accurate copy of the foregoing was served on all counsel of record on **January 19, 2021** via the ECF system.

*s/ Marc S. Hepworth*