### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TERRENCE FREEMAN and BRADLEY WARD, individually and on behalf of all other persons similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**SAM'S EAST INC.,** *et al.*,<br><br>**Defendants.** | Civ. No. 2:17-1786 (WJM)<br><br>**ORDER** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiffs Terence Freeman and Bradley Ward brought this action on behalf of themselves and all other similarly situated Fresh Assistant Managers employed by Defendants Sam's East, Inc., Sam's West, Inc., Sam's Club, and Wal-Mart Stores, Inc. (collectively "Defendants" or "Sam's Club"). On November 8, 2018, the Court denied conditional certification because Plaintiff Ward is not similarly situated to other Fresh Assistant Managers. Defendant asks the Court to dismiss the claims of the three remaining opt-ins without prejudice. ECF No. 89.

### I.   FACTS AND PROCEDURAL HISTORY

On March 16, 2017, Plaintiffs Terence Freeman of New Jersey and Bradley Ward of Iowa, who had worked as Fresh Assistant Managers ("FAMs") at two Sam's Clubs, filed this lawsuit. Plaintiffs alleged on behalf of themselves and others "similarly situated" that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on the theory that Walmart misclassified them as exempt employees and failed to pay them overtime. ECF No. 1. After Freeman failed to attend his deposition, the Court dismissed his claims on July 16, 2018. ECF No. 59. Plaintiff Ward filed his motion to conditionally certify a nationwide collective action of FAMs on July 25, 2018. ECF No. 60, 61. The Court denied conditional certification on November 8, 2018, concluding that "Plaintiff [Ward] failed to make the requisite factual showing that he is similarly situated to [FAMs] nationwide." ECF No. 67, at 4. Prior to the Court's ruling, three individuals opted into the case: Sean Sheehan, Rupinder Nahal, and Stephen Hoggard.

### II.   DISCUSSION

Defendants contend that because the Court denied certification in this matter, it is required to dismiss the claims of all of the opt-in plaintiffs. ECF No. 89, 3-4. Although

Defendants cite to authorities that would require the Court to dismiss opt-ins when class certification is denied, these authorities clearly refer to denial of *final certification*, not *conditional certification*. See *Halle v. West Penn Allegheny Health System Inc.* 842 F.3d 215, 226 (3d Cir. 2016) ("If a collective action is *decertified at the final stage* . . . the court will decertify the class, dismiss the opt-in plaintiffs without prejudice, and permit the named plaintiffs to proceed to trial."). Plaintiffs' argument that conditional certification is neither necessary nor sufficient for the existence of a representative action under the FLSA is correct.

Defendants, however, also argue that the three individuals who opted in, Sheehan, Nahal, and Hoggard, are not similarly situated to named-Plaintiff Ward or to one another. To determine whether those who purport to join FLSA collective actions are "similarly situated," courts employ a two-step analysis. First, a named plaintiff must make a "modest factual showing," i.e. something beyond mere speculation, to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members. *Halle*, 842 F.3d at 224. Defendants argue that none of the three opt-ins worked with Ward or with one another. Nahal's claim concerns an eight-month period of employment in Texas between 2016 and 2017, while Hoggard's claim concerns a seven-month period of employment in North Carolina between November 2014 and May 2015. Ward's claim, by contrast, concerns a 10-day period of employment in Iowa in March 2014. The record demonstrates that the third opt-in, Sheehan, never worked as a FAM. Plaintiff do not rebut these factual assertions. They do not respond to the argument that the opt-ins are not similarly situated to the named-Plaintiff, which was raised in Defendants' initial motion and renewed in their reply brief. On November 8, 2018, the Court found that Plaintiff Ward failed to produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the Defendant employer's alleged policy affected him and the manner in which it affected other employees. ECF No. 67, at 5. Plaintiff here fails to assert any facts with regard to the opt-ins that could alter the Court's finding from over two years ago. Consequently,

**IT IS** on this 3rd day of March, 2021, **ORDERED** that Defendants' Motion to Dismiss Claims of All Opt-Ins Without Prejudice, ECF No. 89, is hereby **GRANTED**. The opt-in Plaintiffs are **DISMISSED WITHOUT PREJUDICE**.

/s/ William J. Martini
WILLIAM J. MARTINI, U.S.D.J.