UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TERRENCE FREEMAN and BRADLEY WARD, individually and on behalf of all other persons similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**SAM'S EAST INC., SAM'S WEST, INC., SAM'S CLUB, an operating Segment of Wal-Mart Stories, Inc., and WAL-MART STORES, INC.,**<br><br>**Defendants.** | Civ. No. 2:17-1786 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

The Fair Labor Standards Act ("FLSA") provides that employees who work more than forty hours in a week are entitled to overtime pay. 29 U.S.C. § 207(a)(1). But because Plaintiff Bradley Ward's role as an assistant manager at Sam's Club was meant to be managerial, his position was exempt from the FLSA's general overtime pay requirement. 29 U.S.C. § 213(a)(1). Ward argues that whatever his job description, in actuality, he spent a majority of his workday performing non-exempt, retail clerk duties such as customer service, stocking shelves, organizing merchandise, and cleaning the store; Ward argues that he was "misclassified" as exempt.

Had Plaintiff, who left his job at Sam's Club on March 26, 2014, filed this suit within two years, say, on March 16, 2016, instead of when he actually did, on March 16, 2017, perhaps the issues before the Court on summary judgment would center on the mismatch between Ward's job description and his actual job duties. The FLSA's statute of limitation is two years long and more than two years has elapsed between when Ward left his position at Sam's Club and when he filed this claim. 29 U.S.C § 255(a). In order for Ward to take advantage of the FLSA's longer, three-year limitations period—as he must for his claim to proceed as timely—Ward must also show that his employer, the Defendants, acted *willfully*. *Id.* Before the Court is Defendants' summary judgment motion, ECF No. 98, in which Defendants contend that Ward has not.

The Court decides the motion without oral argument. Rule 78. Having granted to Plaintiff Ward the benefit of all reasonable inferences, the Court finds that, after four years of litigation, there is an absence of evidence in the record to support Plaintiff's claim that Defendant Sam's Club acted willfully in allegedly violating the FLSA. The Court does not reach the merits of Plaintiff Ward's underlying misclassification claim because it is barred by the FLSA's two-year statute of limitations. For that reason, Sam's Club is entitled to judgment as a matter of law. Defendants' motion for summary judgment is **GRANTED**. The matter is **DISMISSED WITH PREJUDICE**.

I. **BACKGROUND AND PROCEDURAL HISTORY**

The Court assumes the parties' familiarity with the factual background and procedural history. On March 16, 2017, Plaintiffs Terence Freeman of New Jersey and Bradley Ward of Iowa, who had worked as Fresh Assistant Managers at two Sam's Clubs, filed this lawsuit. Ward left his position at the Cedar Rapids, Iowa Sam's Club on March 26, 2014. Plaintiffs alleged on behalf of themselves and others "similarly situated" that Defendants violated the FLSA on the theory that Sam's Club misclassified them as exempt employees and failed to pay them overtime. ECF No. 1. In January 2014, Sam's Club published a general job description applicable to all Sam's Club Assistant Managers that included the following functions: "[w]orks as part of the management team . . . ," "[m]anages facility operations . . . ," "[p]rovides supervision and development opportunities for associates by hiring and training . . ." Ward testified that he did not supervise anyone during the time he worked at Cedar Rapids. Ward never complained to anyone at Sam's Club about his failure to receive overtime pay.

The Court dismissed Freeman's claims after he failed to attend his deposition. ECF No. 59. After conditional certification discovery was complete, Ward filed a motion to conditionally certify a nationwide collective action of Sam's Clubs' Fresh Assistant Managers. ECF No. 60. The Court denied conditional certification, concluding that "Plaintiff [Ward] failed to make the requisite factual showing that he is similarly situated to [Fresh Assistant Managers] nationwide." ECF No. 67 at 4. Discovery was completed on January 20, 2021. ECF No. 88. On March 4, 2021, the Court concluded that the claims of the three remaining opt-ins were not "similarly situated" to those of Ward's and dismissed them. ECF No. 97.

II. **STANDARD OF REVIEW**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A fact is material if its determination might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A dispute is genuine if "a reasonable jury could return a verdict for the nonmoving party."

*Id.* To make this determination, the Court views the facts in the light most favorable to the nonmovant and all reasonable inferences must be drawn in the nonmovant's favor. *Scott v. Harris*, 550 U.S. 372, (2007); *Green v. New Jersey State Police*, 246 F. App'x 158, 159 (3d Cir. 2007).

The moving party bears the burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. If the moving party carries this initial burden, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *United States v. Donovan*, 661 F.3d 174, 185 (3d Cir. 2011) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation marks omitted)).

### III. DISCUSSION

The issue before the Court on summary judgment is whether Bradley Ward, now proceeding individually, can point to record evidence showing that there is a genuine issue of material fact as to whether Sam's Club willfully violated the FLSA, Sam's Club having asserted that there is an absence of evidence that it did. As already noted, because Plaintiff filed this suit within three years and not within two years, Ward's claims can survive summary judgment only if the three-year statute of limitations applicable to willful FLSA violations applies. 29 U.S.C. § 255 provides:

> Any action commenced . . . to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the Fair Labor Standards Act of 1938 . . . may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a *willful* violation may be commenced within three years after the cause of action accrued . . .

29 U.S.C. § 255(a) (emphasis added).

An employer acts "willfully" under 29 U.S.C. § 255(a) if the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute . . ." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). An employer that acts unreasonably or negligently in determining its FLSA obligations has not acted willfully under Section 255(a). *See id.* at 135, n.13. The question before the Court is whether anyone at Sam's Club with authority over FLSA compliance or pay practices was on notice that Ward had effectively been demoted and that his primary duty allegedly was not consistent with his job description.

3

Sam's Club argues that there is an absence of evidence showing that it willfully violated the FLSA, making five contentions: (1) Sam's Club job descriptions for Ward's two assistant manager positions relevant to Ward's employment described an "exempt" job; (2) other assistant managers performed the same job as Sam's Club designed it; (3) neither courts nor the Department of Labor ever determined that assistant managers were misclassified as exempt; (4) Ward's individual claim that he was assigned non-exempt work as a primary duty and that he was not required to supervise subordinates does not arise to willfulness attributable to Defendants; (5) Ward never attributed the source of his discontent with his job at Sam's Club to an FLSA violation or non-payment of overtime. Defs.' Mot. 11-13.

Ward responds that Sam's Club "never looked specifically at Ward or what Ward was doing to evaluate exemption from the FLSA's overtime provisions . . ." Pl.'s Opp. 7. But the failure of Sam's Club to audit the job performance of its assistant managers, if such an obligation exists, at best arises to negligence—Ward must show that Sam's Club had actual, individualized knowledge of or reckless disregard to his effective demotion in order to show willfulness on the part of Sam's Club. Ward cites *Harriel v. Wal-Mart Stores, Inc.*, 2012 WL 2878078, at *1 (D.N.J. July 13, 2012), in which Sam's Club successfully opposed conditional certification, for the proposition that Sam's Club was on notice that assistant managers within its company believed the position was misclassified. But the Court agrees with the Defendants that an allegation in a prior case by a different plaintiff involving a different position (in *Harriel*, the overnight assistant manager), that never reached the merits cannot support a finding of willfulness here. The Court also finds that the other cases cited by Plaintiff have no bearing on this matter.

In Ward's excerpted deposition, he testified that his manager at the Cedar Rapids Sam's Club, John Daning, had knowledge of the duties and responsibilities that he performed as a Fresh Assistant Manager. ECF No. 104-1, 67-68. But Ward never testified that Daning, or anyone else associated with Sam's Club, had any actual knowledge that he had been effectively demoted in violation of the FLSA. Counsel for Plaintiff also submitted excerpts from Sam's Club's Federal Rule of Civil Procedure 30(b)(6) corporate representative, John Engel. ECF No. 104-3. In none of the excerpts does Engel make reference to Ward or to the Cedar Rapids Sam's Club. ECF No. 104-3, 1-18.

Ward's failure to show evidence that there was, for example, "an awareness of impropriety" on behalf of the Defendants regarding Ward's job duties and lack of overtime pay or that Defendants "acted in any manner suggesting an awareness that their actions violated or could violate the FLSA," requires the Court to conclude that there is no genuine issue of material fact as to whether Defendants acted willfully. *See Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 324 (2d Cir. 2021). Consequently, the FLSA's two-year limitations period applies. Because more than two years has elapsed between when Ward

left his job at Sam's Club on March 26, 2014 and when this suit was filed on March 16, 2017, his claim is time barred and Defendants are entitled to judgment as a matter of law.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment, ECF No. 98, is **GRANTED**. The matter is **DISMISSED WITH PREJUDICE**. An appropriate Order follows.

**Date: August 3, 2021**

                                          */s/ William J. Martini*
                                   **WILLIAM J. MARTINI, U.S.D.J.**